**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| ANALYTICA WIRE, INC., | ) Case No. 08-10276 (BLS) |
| Debtor. | ) |

## **OPINION**[1]

Before the Court is an Application for Attorney's Fees and Costs Under 11 U.S.C. § 303(i) (the "Application") [Docket No. 22] filed by Analytica Wire, Inc. ("Analytica"). Analytica seeks to recover $7657.88 as reimbursement for fees and costs it incurred while defending an involuntary petition filed by Glenn Schroeder (the "Petitioner"). For the following reasons, the Court will deny the Application.

### I.  **BACKGROUND**

Analytica is a Delaware corporation and its principal place of business is in Washington, DC. It employed the Petitioner as Chief Executive Officer from June 1, 2005, through February 19, 2007, at which time it terminated his employment. Following the termination, a dispute arose between the Petitioner and Analytica over allegedly unpaid wages. The Petitioner asserts that he is owed over $130,570.

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

In pursuit of this sum, the Petitioner filed an involuntary bankruptcy petition (the "Delaware Petition") [Docket No. 1] on a pro se basis against Analytica in the District of Delaware on February 13, 2008.  The case was assigned to this Court.  The Petitioner then filed an identical petition (the "DC Petition") in the District of Columbia on February 15, 2008.  In both bankruptcy cases, the Petitioner has asserted a claim for $130,570 plus additional interest and attorneys' fees.  He cites his uncertainty over this Court's jurisdiction as his reason for filing the dual petitions.  (Response to Application ¶ 11 [Docket No. 24].)

On February 29, 2008, the Petitioner filed a Certificate of Service [Docket No. 3], asserting that he had served a summons and a copy of the Delaware Petition on Analytica's president.[2]  No party initially objected to the Delaware Petition and, on March 31, 2008, the Court entered an Order for Relief [Docket No. 4].  The United States Trustee subsequently appointed a trustee.

On May 1, 2008, Analytica filed a Motion to Vacate the Order Granting Involuntary Petition, to Quash Summons, and to Dismiss the Involuntary Petition ("Analytica's Motion") [Docket No. 11].  Analytica argued that it had not raised its objection prior to the Court's entry of the Order for Relief because it had been unaware of the Delaware Petition until its counsel defending the DC

---

[2]   Analytica disputes that service was properly made.  The Court, however, finds this issue immaterial to its decision.

Petition had learned of it by chance on or about April 18, 2008. Analytica sought, among other things, dismissal of the Delaware Petition under § 303(b)(1) of the Code and reimbursement for its attorneys' fees under § 303(i). In response, the Petitioner filed his own Motion to Dismiss the Involuntary Petition (the "Petitioner's Motion") [Docket No. 12], through which he requested dismissal of the Delaware Petition and opposed Analytica's request for an award under § 303(i). On June 5, 2008, the Court held a hearing (the "June 5 Hearing") to review the matter. It became apparent at the June 5 Hearing that the parties had agreed to proceed by litigating the DC Petition and dismissing the Delaware Petition. Accordingly, on June 12, 2008, the Court entered an order [Docket No. 17] dismissing the Delaware Petition and retaining jurisdiction over any prospective application for attorneys' fees under § 303(i).

On June 23, 2008, Analytica filed the Application, arguing that the Petitioner filed the Delaware Petition in bad faith. On July 16, 2008, the Petitioner filed a response [Docket No. 24] and, on July 22, 2008, Analytica filed a reply [Docket No. 25]. On July 24, 2008, the Court held a hearing (the "July 24 Hearing") for the purpose of conducting an oral argument.

The issue before the Court is whether § 303(i) entitles Analytica to recover attorneys' fees and costs from the Petitioner. The matter has been fully briefed and argued. It is ripe for

decision.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this matter constitutes a "core proceeding" under 28 U.S.C. § 157(b)(2)(K).

## III. DISCUSSION

A. <u>A Court May Not Grant Judgment Under § 303(i) When All Petitioners And The Debtor Consent To Dismissal Of The Petition</u>

Section 303(i) of the Bankruptcy Code allows a debtor in an involuntary bankruptcy case "to recover monies from the petitioning creditors" when the involuntary petition is dismissed "in certain specified situations." 2 <u>Collier on Bankruptcy</u> ¶ 303.15 (15th ed. rev. 2008). It provides in its entirety as follows:

> (i) If the court dismisses a petition under this section <u>other than on consent of all petitioners and the debtor</u>, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment –
>
>> (1) against the petitioners and in favor of the debtor for –
>>
>>> (A) costs; or
>>>
>>> (B) a reasonable attorney's fee; or
>>
>> (2) against any petitioner that filed the petition in bad faith for –
>>
>>> (A) any damages proximately caused by such filing; or

    (B) punitive damages.

11 U.S.C. 303(i) (emphasis added).  Awards under this section are discretionary.  Higgins v. Vortex Fishing Sys., Inc., 379 F.3d 701, 706 (9th Cir. 2004); In re Reid, 854 F.2d 156, 159 (7th Cir. 1988); In re P & G Realty Corp., 157 B.R. 239, 243 (Bankr. W.D. Pa. 1993); In re Ross, 135 B.R. 230, 234 (Bankr. E.D. Pa. 1991).  As indicated by the emphasized language, however, "[a] precondition to any awards under section 303(i) is that the petition not have been dismissed upon the consent of the petitioners and the debtor."  2 Collier on Bankruptcy ¶ 303.15[2] (15th ed. rev. 2008); see also In re R. Eric Peterson Const. Co., Inc., 951 F.2d 1175, 1178 n.4 (10th Cir. 1991) ("A condition to bringing a bad faith claim under section 303(i) is that the dismissal of the bankruptcy petition was 'other than on consent of all petitioners and the debtor.'"). Pierce v. First Commercial Leasing Corp., Nos. 05-102, 2006 WL 3050816, at *2 (Bankr. M.D. Ala. Oct. 24, 2006) ("A prerequisite [to a judgment under § 303(i)] is a dismissal 'under this section other than on consent of all petitioners and the debtor.'"); In re Int'l Mobile Advertising Corp., 117 B.R. 154, 157 (Bankr. E.D. Pa. 1990), aff'd, 1991 U.S. Dist. LEXIS 11294 (E.D. Pa. 1991).  Thus, the Court must first determine whether it dismissed the Delaware Petition with the consent of both parties before it may use its discretion to award any judgment under § 303(i).

B.   <u>Analytica And The Petitioner Both Consented To Dismissal Of The Petition</u>

The Code does not define the term "consent" as it is used in § 303(i).  It is, however, "a fundamental principle of statutory construction that words in a statute are to be given their ordinary construction unless the context suggests otherwise."  <u>Dewalt v. Sullivan</u>, 963 F.2d 27, 30 (3d Cir. 1992).  Black's Law Dictionary provides that "consent" means "[a]greement, approval, or permission as to some act or purpose . . . ."  BLACK'S LAW DICTIONARY (8th ed. 2004).  Similarly, the Oxford English Dictionary defines "consent" to mean "voluntary agreement to or acquiescence in what another proposes or desires" or "agreement by a number of persons as to a course of action."  3 THE OXFORD ENGLISH DICTIONARY 760-61 (2d ed. 1989).  The Court finds, and Analytica has pointed to, nothing in § 303(i) or any other section of the Code that suggests Congress intended to use the word "consent" in a manner inconsistent with these generally accepted definitions.

In this case, both Analytica and the Petitioner moved to have the Delaware Petition dismissed.  (Debtor's Motion ¶ 19; Petitioner's Motion at p. 1.)  Moreover, when asked by the Court at the June 5 Hearing whether the parties were in agreement on the issue of dismissal, counsel for Analytica responded, "I believe that's right."  (Court Audio Record 3:37:03-06, June 5, 2008.)  The Petitioner did not disagree.  It is abundantly clear, therefore, that both Analytica and the Petitioner agreed on, and even

6

advocated for, the course of action ultimately taken by this Court. This amounts to "consent" as the term is used in § 303(i).

C.  <u>Analytica's Express Reservation of Rights Under § 303(i) Does Not Equate To Non-Consent</u>

As a final matter, Analytica appears to have proceeded under the belief that its express reservation of § 303(i) rights allows it to recover from the Petitioner despite the consensual nature of the Delaware Petition's dismissal.  The United States District Court for the Eastern District of Pennsylvania addressed this issue in <u>In re Int'l Mobile Adver. Corp.</u>, No. 90-6349, 1991 U.S. Dist. LEXIS 11294 (E.D. Pa. Aug. 13, 1991) and held that, "[a]lthough the debtor did not waive its right to recover pursuant to § 303, that alone is not enough to bring [the debtor's claim] under the ambit of § 303."  <u>Int'l Mobile</u>, 1991 U.S. Dist. LEXIS 11294, at *3. While that holding does not bind this Court, the district court's opinion nevertheless remains persuasive.

In <u>Int'l Mobile</u>, a sole petitioner filed an involuntary petition against the putative debtor.  <u>In re Int'l Mobile Adver. Corp.</u>, 117 B.R. 154, 156 (Bankr. E.D. Pa. 1990).  The case was quickly and subsequently dismissed upon the joint motion of both parties.  <u>Id.</u> at 157.  The order dismissing the petition recognized that the putative debtor expressly reserved its § 303(i) rights. <u>Id.</u>  Following the dismissal, the debtor moved in the bankruptcy court for the imposition of damages pursuant to § 303(i).  <u>Id.</u> at 155.  The bankruptcy court noted that:

7

> The post-trial submissions of the parties indicated that both [were] laboring under the impression that [the putative debtor's] express non-waiver of its rights to damages against [the petitioner] . . . allow[ed] [the putative debtor] to proceed under § 303(i), irrespective of the fact that the case was dismissed on consent of the sole petitioner and the debtor.

Id. at 157.  In concluding that it lacked the discretion to award any judgment, the bankruptcy court reasoned:

> It is clear that there are two requirements which must both be satisfied if the debtor is to successfully invoke § 303(i): (1) an involuntary petition must be dismissed 'other than on consent' of all of the petitioners and debtor; and (2) the debtor must not waive the right to proceed under that section.  The wording of the [o]rder resolves the second prerequisite in [the putative debtor's] favor.  There is no waiver.  However, the entry of that [o]rder does not and cannot satisfy the first requisite set forth in § 303(i).  The petition was dismissed on consent of the only petitioner and the debtor.  The wording of the [o]rder . . . does not and could not change this fact.

Id.  The putative debtor appealed the bankruptcy court's decision. 1991 U.S. Dist. LEXIS 11294, at *1.

The district court affirmed the bankruptcy court's decision and stated that:

> Although the debtor did not waive its right to recovery pursuant to § 303, that alone is not enough to bring it under the ambit of § 303.  The statute very clearly provides that a necessary precondition for recovery of damages pursuant to § 303 is that the petition be dismissed 'other than on consent of all petitioners and the debtor,' that is the petition must be contested.

Id. at *4.  The Court reasoned further that:

> An individual party . . . has no authority to provide for itself a statutory remedy where the prerequisites for eligibility for that remedy have not been met.  Section 303 sets forth unambiguously the circumstances under

8

>which a bankruptcy court may award damages.  This case clearly does not fall within the parameters of that [s]ection.

Id. at *5.  In other words, an express reservation of rights only serves to protect those rights that exist, whatever they may be.  It cannot unilaterally create a right.  In circumstances where the statutory prerequisites for recovery have not been met, a party's express non-waiver of a purported right to recover simply amounts to a reservation of a right that does not exist.  Such is the case in the instant matter.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that Analytica and the Petitioner, who is the sole petitioner, consented to the Court's dismissal of the Delaware Petition.  Section 303(i) therefore does not permit the Court to grant judgment to Analytica as redress for its attorneys' fees and costs.  The Court will deny Analytica's Application.[3]

An appropriate order follows.

By the Court,

_____
Dated: September 4, 2008        Brendan Linehan Shannon
                                United States Bankruptcy Judge

---

[3] The Court notes that its ruling in this matter does not address in any respect the question of whether Analytica could recover attorneys' fees in the event that the Bankruptcy Court for the District of Columbia dismisses the DC Petition absent the consent of all parties.

9